UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM ROSAS and JOSE ORELLANA, individually and
on behalf of all others similarly situated,

                          Plaintiffs,              CIVIL ACTION NO.

                  -against-

                                        COMPLAINT

M AND M LA SOLUCION FLAT FIXED INC.,
MARCO T. MEJIA, and ELMA BUSTILLOS,

                         Defendants.
------------------------------------------------------------------------X

Plaintiffs William Rosas and Jose Orellana, individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, M and M La Solucion Flat Fixed Inc. ("M and M"), Marco T. Mejia, and Elma Bustillos (together, "Defendants"), respectfully allege as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the state of New York.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9. M and M is a domestic business corporation with its principal place of business located at 53-02 Flushing Avenue, Queens, NY 11378.

10. M and M specializes in the sale, service, and repair of tires for motor vehicles, offering mechanical work that includes tire rotation, balance, alignment, puncture repair, and replacement of tires. The business also offers related services, such as oil changes, brake checks, and suspension repairs.

11. M and M is a covered employer within the meaning of the FLSA, NYLL, and, at all relevant times, employed Plaintiffs.

12. Mejia and Bustillos are individuals residing, upon information and belief, in the state of New York.

13. At all relevant times, Mejia and Bustillos were and still are a co-owners, officers, directors, shareholders, and/or individuals in control of M and M, who exercised significant control over M and M's operations and had the authority to hire, fire, and discipline employees,

set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

14. At all relevant times, Bustillos exercised significant control over M and M's financial management, including handling its payroll. Bustillos also distributed employees' wages, had authority to determine employees' work schedules, and was frequently present at M and M to oversee its operations.

15. At all relevant times, Mejia exercised significant control over M and M's financial management, including securing merchandise and determining marketing strategies to promote M and M. Mejia was also present at M and M on a daily basis, recruited and trained employees, determined employees' work schedules, and coordinated customer service procedures.

16. Mejia and Bustillos exercised sufficient control over Plaintiffs' day-to-day operations to be considered their employer under the FLSA and NYLL.

17. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

18. Defendants are covered employers within the meaning of the FLSA and NYLL, and at all relevant times, employed Plaintiffs.

19. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

20. The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

21. The FLSA Collective Plaintiffs consist of approximately ten (10) similarly situated current and former employees of Defendants who, during their employment with Defendants, work or worked in excess of forty (40) hours per week and who were damaged due to Defendants' common policy and practices in violation of the FLSA including, *inter alia*, willfully denying them minimum and overtime wages.

22. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to provide their employees with minimum wage and overtime compensation.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

25. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

*William Rosas*

<u>Work Schedule and Rates of Pay</u>

26. Defendants employed Rosas as a tire technician from on or around December 1, 2019 through on or around April 25, 2022.

27. Rosas worked continuously for Defendants during the term of his employment, other than from on or around April 4, 2022 until on or around April 23, 2022, when he was on vacation.

28. Rosas's job duties as a tire technician included, *inter alia*, installing and balancing tires, checking tire pressure and wear patterns, patching tires, rotating tires, and assisting customers.

29. Throughout his employment, Rosas worked four (4) days per week, as follows: Tuesdays from approximately 7:00 p.m. until approximately 7:00 a.m., and Thursdays through Saturdays from approximately 8:00 a.m. until approximately 8:00 p.m., for a total of forty-eight (48) hours worked per week.

30. Rosas was not afforded meal or rest breaks throughout his employment with Defendants.

31. Defendants neither tracked the actual hours Rosas worked nor required Rosas to record his time.

32. From on or around December 1, 2019 until in or around January 2020, Defendants compensated Rosas at a rate of $80.00 per day, and failed to compensate Rosas with overtime premiums for hours worked in excess of forty (40) per week.

33. From in or around February 2020 until the end of his employment, Defendants compensated Rosas at a rate of $100.00 per day, and failed to compensate Rosas with overtime premiums for hours worked in excess of forty (40) per week.

34. Defendants paid Rosas' wages entirely in cash throughout his employment.

Retaliation Against Rosas

35. In or around December 2021, Rosas requested that Mejia stop paying his wages entirely in cash and begin paying his wages via a payroll check with the appropriate payroll deductions and withholdings.

36. Mejia responded that in order to pay Rosas via a payroll check, Rosas' work hours would need to be reduced from forty-eight (48) to forty (40) hours per week. Rosas agreed to the reduction of his work hours and expected that Mejia would modify his work schedule accordingly. However, such modification to Rosas' work schedule never occurred.

37. As of February 2022, Defendants continued to pay Rosas entirely in cash. As a result, Rosas inquired with Mejia and Bustillos about the status of his request to be paid via a payroll check with the appropriate payroll deductions and withholdings.

38. Mejia and Bustillos gave different explanations and excuses for the delay. For example, Bustillos stated that in order to receive his wages via a payroll check, Rosas would need to maintain a forty-eight (48) hour workweek but only be compensated for forty (40) hours. Although Rosas agreed, this arrangement was never executed and Rosas' work hours and method of payment remained the same.

39. In or around March and April 2022, Rosas asked Bustillos to provide him with a W-2 form. Bustillos declined to issue the W-2 form, stating that adding Rosas to M and M's

payroll was slow and difficult, and that she had not yet begun to deduct and withhold his income taxes.

40. On or around April 25, 2022, Defendants terminated Rosas' employment in retaliation for his request that Defendants pay his wages via a payroll check with the appropriate payroll deductions and withholdings.

*Jose Orellana*
Work Schedule and Rates of Pay

41. Defendants employed Orellana as a tire technician from on or around January 1, 2016 through on or around February 21, 2022.

42. Orellana's job duties as a tire technician included, *inter alia*, installing and balancing tires, checking tire pressure and wear patterns, patching tires, rotating tires, and assisting customers.

43. From on or around January 1, 2016 until in or around January 2021, Orellana worked six (6) days per week, as follows: Tuesday through Sundays from approximately 10:00 a.m. until approximately 10:00 p.m., for a total of seventy-two (72) hours worked per week.

44. From in or around February 2021 until the end of his employment, Orellana worked five (5) days per week, as follows: Mondays through Wednesdays and Saturdays through Sundays from approximately 10:00 a.m. until approximately 10:00 p.m., for a total of sixty (60) hours worked per week.

45. Orellana was not afforded meal or rest breaks throughout his employment with Defendants.

46. Defendants neither tracked the actual hours Orellana worked nor required Orellana to record his time.

47. From on or around January 1, 2016 until in or around January 2021, Defendants compensated Orellana at a rate of $80.00 per day, and failed to compensate Orellana with overtime premiums for hours worked in excess of forty (40) per week.

48. From in or around February 2021 until the end of his employment, Defendants compensated Orellana at a rate of $100.00 per day, and failed to compensate Orellana with overtime premiums for hours worked in excess of forty (40) per week.

49. Defendants paid Orellana's wages in cash throughout his employment.

### *Claims Common to All Plaintiffs*

50. At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to be paid at least the minimum wage for all hours worked, overtime compensation for all hours worked in excess of forty (40) per week, and spread of hour wages for every day in which their shifts exceeded a spread of ten (10) hours.

51. However, throughout their employment, Plaintiffs and the FLSA Collective Plaintiffs were not paid at least the minimum wage for all hours worked.

52. Further, despite routinely working in excess of forty (40) hours per week, Plaintiffs and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

53. Although Plaintiffs and the FLSA Collective Plaintiffs routinely worked shifts that spanned more than ten (10) hours per day, Defendants failed to compensate Plaintiffs and the FLSA Collective Plaintiffs with an additional hour's pay at the minimum wage rate for every day on which they worked more than ten (10) hours.

54. Defendants routinely failed to pay Plaintiffs' wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

55. Defendants further failed to furnish to Plaintiffs a payroll notice at the time of their hire, or at any time thereafter, containing Plaintiffs' rates of pay, the designated payday, or other information required by NYLL § 195(1).

56. Defendants also failed to furnish to Plaintiffs, with each wage payment, an accurate statement listing Plaintiffs' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

57. Defendants violated federal and state law by willfully failing to pay Plaintiffs and the FLSA Collective Plaintiffs the applicable minimum wages for all hours worked, overtime compensation for hours worked in excess of forty (40) per week, spread of hour wages for every day on which their shifts exceeded ten (10) hours per day, and by failing to provide the required payroll notices and wage statements.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Minimum Wage Violations under the FLSA)*

58. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

59. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for all hours worked.

60. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutory minimum wages for all of the hours they worked.

61. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

62. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

63. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(*Minimum Wage Violations under the NYLL*)

64. Plaintiffs repeat and reallege all prior allegations set forth above.

65. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to receive at least the statutory minimum wage for all hours worked.

66. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs at least the statutory minimum wages for all of the hours they worked.

67. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

70. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

71. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

72. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

73. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

74. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

76. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of Plaintiffs' and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the NYLL)*

77. Plaintiffs repeat and reallege all prior allegations set forth above.

78. Pursuant to the NYLL, Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

79. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

80. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular rate or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

81. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

82. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

83. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Spread of Hours Violations Under the NYLL)*

84. Plaintiffs repeat and reallege all prior allegations set forth above.

85. Plaintiffs regularly worked shifts that spanned more than ten (10) hours per day.

86. Defendants willfully failed to pay Plaintiffs additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs' shifts spanned more than ten (10) hours.

87. By failing to pay Plaintiffs spread of hours pay, Defendants willfully violated NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. § 142-2.4.

88. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of their unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Timely Pay Wages under the NYLL)*

89. Plaintiffs repeat and reallege all prior allegations set forth above.

13

90. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

91. During the relevant time period, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

92. During the relevant time period, Defendants failed to timely pay Plaintiffs all wages earned by Plaintiffs, including minimum wages, overtime wages, and spread of hours pay, in violation of NYLL § 191(1)(a)(i).

93. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

94. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Payroll Notices under the NYLL)*

95. Plaintiffs repeat and reallege all prior allegations set forth above.

96. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

97. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

98. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Wage Statements under the NYLL)*

99. Plaintiffs repeat and reallege all prior allegations set forth above.

100. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

101. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

102. Judgment should be entered in favor of Plaintiffs and against Defendants on the Eighth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF ROSAS
*(Retaliation under the FLSA)*

103. Rosas repeats and realleges all prior allegations.

104. Defendants terminated Rosas' employment after, and in retaliation for, Rosas' attempt to assert his legal rights under the FLSA.

105. Defendants' termination of Rosas' employment constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

106. As a result of Defendants' violations of the law, Rosas has been damaged and is entitled to recover from Defendants compensatory and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

107. Judgment should be entered in favor of Rosas and against Defendants on the Ninth Cause of Action for compensatory and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF ROSAS
*(Retaliation under the NYLL)*

108. Rosas repeats and realleges all prior allegations.

109. Defendants terminated Rosas' employment after, and in retaliation for, Rosas' attempt to assert his legal rights under the NYLL.

110. Defendants' termination of Rosas' employment constitutes unlawful retaliation in violation of NYLL § 215.

111. As a result of Defendants' violations of the law, Rosas has been damaged and is entitled to recover from Defendants compensatory and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

112. Judgment should be entered in favor of Rosas and against Defendants on the Tenth Cause of Action for compensatory and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all minimum wages due to Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due to Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all wages due to Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for all compensatory and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

j) on the Tenth Cause of Action for all compensatory and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

k) interest;

l) costs and disbursements; and

m) such other and further relief as is just and proper.

Dated: New York, New York
       February 14, 2023

    KATZ MELINGER PLLC

    By: */s/ Nicole Grunfeld*
    Nicole Grunfeld, Esq.
    370 Lexington Ave, Suite 1512
    New York, New York 10017
    T.: (212) 460-0047
    F.: (212) 428-6811
    ndgrunfeld@katzmelinger.com
    *Attorneys for Plaintiffs*